In the Matter of MID–AMERICAN LINES, INC., Debtor.

FORE WAY EXPRESS, INC., Claimant,

v.

MID–AMERICAN LINES, INC., Respondent.

Bankruptcy No. 82–00639–3–11.

United States Bankruptcy Court, W.D. Missouri, W.D.

Sept. 16, 1982.

Stephen Harmon, Kansas City, Mo., for claimant.

James C. Mordy, Kansas City, Mo., for respondent.

## ORDER DENYING THE CLAIMANT'S CLAIM FOR RECLAMATION AND GRANTING THE CLAIMANT'S CLAIM AGAINST THE CHAPTER ESTATE AS A GENERAL UNSECURED CLAIM

DENNIS J. STEWART, Bankruptcy Judge.

In this contested matter, the claimant Fore Way Express requests payment in full for certain monies which were collected by the respondent on certain freight shipments which should have been paid to the claimant. The fact that the payments were collected on account of the claimant is not disputed. But, according to usual procedures, the monies collected were deposited in the respondent's bank and, at least once before the date of the filing of the petition for relief under title 11 of the Bankruptcy Code, the balance in that account became negative, thus necessarily indicating that the monies which were collected and which should have been paid to Fore Way Express, Inc., were no longer in the estate as of the date of the filing of the petition for relief under title 11 of the Bankruptcy Code.

On the basis of these operative facts, the claimant Fore Way Express, Inc., states that it should be paid forthwith and in full because the monies should have been paid to it rather than used by the debtor. The respondent debtor-in-possession in this chapter 11 matter contends that it no longer has the monies and that, accordingly, Fore Way Express, Inc., must be relegated to the status of a general unsecured claimant.

It has for some period of time been a rudiment of the law of bankruptcy that, in order to reclaim money or property from a bankruptcy estate on the basis of the contention that it is the property of the reclaiming party rather than property of the debtor or the estate, the reclaiming party must be able to trace fungibles into the estate. Further, it must be able to identify them from the monies and fungibles which presently exist in the estate. "A petitioner in reclamation is required to identify positively the property which he seeks to reclaim. Where the property sought has been mingled with other goods or property of the bankrupt, the claimant must trace his property . . . If he fails, he cannot reclaim, no matter what the equities are, and he is relegated to the position of asserting his rights as a general creditor." 4A Collier on Bankruptcy para. 70.39(3), p. 478 (1978) The tracing requirement applies even when the property, as the claimant contends in this case, came into the estate's hands by wrongdoing so as to impose a constructive trust upon it. See 4A Collier on Bankruptcy para. 70.25, pp. 346, 348 (1978), to the following effect:

> "Money paid to the bankrupt prior to bankruptcy under a mistake of fact is impressed with a constructive trust that follows it into the hands of the bankruptcy trustee . . . A trust relationship may also be created by conduct . . . . One of the more common forms of constructive or involuntary trusts created by conduct is that of the trust *ex maleficio*—that is, created by wrongdoing. Such a trust usually arises out of the conversion of money or property belonging to another. Where the existence of the trust has been established, the bankruptcy trustee will be ordered to turn over the property or proceeds, *subject, of course, to the beneficiary's discharging the burden of tracing the trust property.*" (Emphasis added.)

These general equitable principles, based upon reason and common sense, have not disappeared with the advent of the new Bankruptcy Code. See 4 Collier on Bankruptcy para. 541.08, p. 541–44 (1982), to the effect that, when the debtor holds money or property of another:

> "(w)here the property involved, or its proceeds, has been intermingled with other goods or funds of the debtor's, the owner must definitely trace that which he claims is contained in the assets of the estate. It is not enough to show general-

ly that the property or the money representing sales of the property was added to the debtor's assets at the time of acquisition. The goods sought to be recovered must be definitely traced into the property of the estate, or the proceeds thereof must be traced to a particular fund or to specific property in which it was invested. Upon failure to do this, the bailor, principal, or consignor becomes only a general creditor with the same rights appertaining to other general creditors."

The principles and authorities cited by the claimant are therefore subject to the requirement of tracing—one which cannot be met in this case—and those decisions and authorities do not dispense with the requirement of tracing. See also 4 Collier on Bankruptcy para. 541.13, p. 541–66 et seq. (1982), pointing out clearly that, in addition to establishing a trust relationship, the reclaiming party must also trace the property or money into the estate. The result compelled by these principles is that the request of the claimant for reclamation of the sum of $3,159.32 must be denied. The claimant may be allowed a general, unsecured claim in that amount.

If the claimant alleges that willful and malicious conversion was involved, within the meaning of section 523(a)(6) of the Bankruptcy Code, it may file a complaint to have the bankruptcy court issue a decree of nondischargeability.

For the foregoing reasons, it is hereby

ORDERED that the claimant's request for reclamation of the sum of $3,159.32 be, and it is hereby, denied. It is further

ORDERED that the claimant's claim in the sum of $3,159.32 be, and it is hereby, allowed as a general unsecured claim without prejudice to the claimant's right to file a nondischargeability complaint.