**In the Matter of Richard R. GERLACH and Betty M. Gerlach, Debtors.**

**GREEN HILLS PRODUCTION CREDIT ASSOCIATION, Petitioner,**

**v.**

**Richard R. GERLACH and Betty M. Gerlach, Respondents.**

Bankruptcy No. 83–01286–SJ–11.

Adv. No. 86–0128–SJ–11.[1]

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

April 4, 1986.

Bruce E. Strauss, Shockley, Reid & Tyson, Kansas City, Mo., for petitioner.

Danny R. Nelson, Feldhausen, Burke & Petty, P.C., Kansas City, Mo., for debtors.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DIRECTING CLERK OF BANKRUPTCY COURT TO PAY $2,500 TO PETITIONER FROM FUNDS EARLIER DEPOSITED IN REGISTRY OF COURT, PLUS ANY INTEREST ACTUALLY EARNED THEREON, LESS $467.50 EXAMINER'S FEE FOR EDWARD L. CAMPBELL, ESQUIRE

DENNIS J. STEWART, Chief Judge.

■ The matter of the disposition of $2,500 which the law firm of Feldhausen,

---

1. Although the petitioner did not file an adversary action as such, its claim for relief is in substance a complaint for reclamation which, under Rule 7001(1) of the Rules of Bankruptcy Procedure, must be treated as an adversary action.

Burke, and Petty, P.C., paid into the court as representing attorney's fees which they had received from the debtors' prior counsel, Lashley, Caruthers, Bear, and Hamilton, of St. Louis, Missouri, came on before the court for hearing in St. Joseph, Missouri, on March 28, 1986. Then appearing was Bruce E. Strauss, Esquire, counsel for the petitioner Green Hills Production Credit Association. The respondents Gerlach did not appear, electing instead to dispatch to the court by mail a "special appearance" seeming to challenge this court's jurisdiction to determine the proper disposition of these monies because of the prior dismissal of the underlying chapter 11 proceedings.[2] But, as this court has previously observed, any court retains jurisdiction, despite the dismissal of a case before it, to determine the proper disposition of funds in custodia legis.[3]

The facts which were then demonstrated to the court in the course of the hearing of March 28, 1986, were to the effect that the funds which were deposited by Feldhausen, Burke and Petty into the registry of the court were later the subject of an order by this court denying the application of that law firm for an award of fees on the ground that the applicant firm had not demonstrated to this court that the fees were earned by legal services which were in aid of administration of the estate. It was also shown that the funds derived from a sum of attorney's fees in the amount of $3,000 paid to prior counsel, the St. Louis firm above denominated, which were dispatched to the Feldhausen firm when the St. Louis firm withdrew from this case and was replaced by the Feldhausen firm. The fund of $3,000, in turn, was demonstrated by the evidence to have been derived from a fund of $29,664 which the

debtors initially possessed as a result of collecting certain rents in which the petitioner Green Hills Production Credit Association had a valid and perfected security interest. See the deposition of Richard R. Gerlach dated November 26, 1984, pages 13–21.

Through this uncontradicted evidence, the petitioner Green Hills Production Credit Association satisfactorily traced the funds in custodia legis to its valid and perfected security interest in the rents of the debtors' property. "A petitioner in reclamation is required to identify positively the property which he seeks to reclaim. Where the property sought has been mingled with other goods or property of the bankrupt, the claimant must trace his property." 4A Collier on Bankruptcy para. 70.-39(3), p. 478 (1978); Matter of Mid-American Lines, Inc., 24 B.R. 52, 53 (Bkrtcy.W. D.Mo.1982). "Where the property involved, or its proceeds, has been intermingled with other goods or funds of the debtor, the owner must definitely trace that which he claims is contained in the assets of the estate. It is not enough to show generally that the property or the money representing sales of the property was added to the debtor's assets at the time of acquisition. The goods sought to be recovered must be definitely traced into the property of the estate, or the proceeds must be traced to a particular fund or to specific property in which it was invested." 4 Collier on Bankruptcy para. 541.08, pp. 541–44 (1982). In this action, the deposition testimony of Richard R. Gerlach, as summarized above, affirmatively shows that the $2,500 here in question was derived from a fund of $29,664 which was the proceeds of property in which Green Hills production Credit Association had a valid

---

2. The written "special appearance" also appears to predicate the debtors' claim to the monies on a prior order of the court which they claim indicated that they were entitled to the money. But the prior order which is referred to was only a show cause order directing the creditors to show cause why the money should not be given over to the debtors. There was a timely response to that show cause order by the Green Hills Production Credit Association and, as stated in the text of this memorandum, a clear showing that the monies should be paid over to the Green Hills Production Credit Association.

3. "(E)ven after an action has been dismissed, the court has jurisdiction to determine the disposition of funds held in custodia legis after notice to all parties interested." 20 Am.Jur.2d Courts sec. 147, p. 495, n. 6 (1965).

and perfected security interest. This court therefore concludes that the sum of $2,500, plus any interest which has actually been earned thereon, should be paid over to the petitioner. Counsel for the petitioner orally consented, however, in the hearing of March 28, 1986, to payment of the sum of fees earlier sought by the examiner Edward L. Campbell, Esquire, in the sum of $467.50.

For the foregoing reasons, it is hereby

ORDERED, ADJUDGED AND DECREED that the sum of $2,500 earlier deposited into the registry of the court, plus any interest actually earned thereon be paid by the clerk of the bankruptcy court to the petitioner, after the lapse of ten days from and after the date of filing of this judgment, except for the sum of $467.50 which at the same time should be paid to the order of Edward L. Campbell, Esquire.